IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. No. 5:25-CT-03218-D

| | | |
|---|---|---|
| MICHAEL DORSEY NEEDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER AND DEFENSES OF** |
| | ) | **MARC DOWNS** |
| JOSHUA STEIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Defendant Marc Downs ("Defendant Downs" or "Mr. Downs"), improperly identified as a Nurse Practitioner, by and through counsel, answering Plaintiff's Verified Complaint [DE-1] ("Complaint") as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state any valid claims for relief against Mr. Downs and the claims against Mr. Downs should be dismissed.

## SECOND DEFENSE

Mr. Downs is shielded from liability by the Eleventh Amendment and sovereign immunity, which is asserted by Mr. Downs as a complete bar to all claims asserted against him in this action by Plaintiff.

## THIRD DEFENSE

Mr. Downs is entitled to qualified immunity as a complete bar to all applicable claims asserted against him in this action by Plaintiff.

## FOURTH DEFENSE

Mr. Downs pleads public official/public officer immunity as a complete bar to all applicable claims asserted against him by Plaintiff in this action.

## FIFTH DEFENSE

To the extent Plaintiff is attempting herein to assert medical malpractice claims or negligence claims against Dr. Downs arising out of the provision of medical care, Plaintiff's claims are invalid as a matter of law and should be dismissed based upon Plaintiff's failure to comply with the expert certification provisions of Rule 9(j) of the North Carolina Rules of Civil Procedure.

## SIXTH DEFENSE

In the event that it is determined that Plaintiff did not exhaust administrative remedies prior to filing this action, Plaintiff's claims are barred by the Prison Litigation Reform Act and Mr. Downs pleads Plaintiff's failure to exhaust administrative remedies as a bar and defense to all claims in this action.

## SEVENTH DEFENSE

In the event it is determined that Plaintiff has filed three or more prior actions as a *pro se* prisoner which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, Plaintiff's claims herein should be dismissed based upon the three strikes provision of 28 U.S.C § 1915(g). Mr. Downs reserves the right to move to dismiss Plaintiff's Complaint for failure to exhaust the available administrative remedies pursuant to North Carolina Department of Public Safety (North Carolina Department of Adult Correction ("NCDAC") in accordance with the Division of Prisons, Administrative Remedy Procedure ("ARP") policy, Chapter G, § .0300 *et seq.*

## EIGHTH DEFENSE AND ANSWER

As an Eighth Defense and Answer, and without waiving any affirmative defenses or motions set forth herein, Mr. Downs responds to the allegations in the specifically numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint pertain to legal conclusions to which no response is required. To the extent a response is required, denied.

## PARTIES

1. It is admitted that Plaintiff is in the custody of DAC. Except as admitted, the allegations of this Paragraph 1 are denied.

2. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 2 and the same are therefore denied.

3. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 3 and the same are therefore denied.

4. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 4 and the same are therefore denied.

5. It is admitted that Marc Downs is a Physician Assistant and that Plaintiff sued him in his individual and official capacity. Except as admitted, the remaining allegations of Paragraph 5 are denied.

6. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 6 and the same are therefore denied.

7. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 7 and the same are therefore denied.

8. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 8 and the same are therefore denied.

<u>**STATEMENT OF FACTS**</u>

1. Defendant Downs is informed and believes that the allegations contained in Paragraph 1 of the Complaint refer to medical records which speak for themselves. Further reference is made to the specific anticipated testimony of witnesses involved for a complete description of their involvement, the timing thereof, and an appropriate interpretation of the medical records. To the extent that the allegations contained in Paragraph 1 are consistent with the written documents and said testimony, the same are admitted. Except as admitted, the allegations of Paragraph 1 are denied.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint pertain to legal conclusions to which no response is required. To the extent a response is required, denied.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint pertain to legal conclusions to which no response is required. To the extent a response is required, denied.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint pertain to legal conclusions to which no response is required. To the extent a response is required, denied.

5. Defendant downs denies that he has discriminated against Plaintiff. Except as denied, Defendant Downs is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore denies the same.

6. It is admitted, upon information and belief, that the Department of Adult Correction started providing medication-assisted treatment to people with opioid use disorder who are incarcerated at the North Carolina Correctional Institution for Women and Orange Correctional Center in 2022 as part of a pilot project. It is further admitted, upon information and belief, that the current program works to provide incarcerated people with medications for their opioid use disorder before their release. Except as admitted, the allegations of Paragraph 6 are denied.

7. Denied.

8. It is admitted that the head of the North Carolina executive branch is the Governor, who serves as the state's chief executive officer. It is further admitted that Josh Stein is the current Governor of North Carolina. Except as admitted, the allegations of Paragraph 8 are denied.

9. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 9 and the same are therefore denied.

10. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 10 and the same are therefore denied.

11. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 11 and the same are therefore denied.

12. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 12 and the same are therefore denied.

13. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 13 and the same are therefore denied.

14. It is admitted that Leslie Cooley Dismukes is the current Secretary of the North Carolina Department of Adult Correction. Except as admitted, the allegations of Paragraph 14 are denied.

15. This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 15 and the same are therefore denied.

16.     This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 16 and the same are therefore denied.

17.     It is admitted that Dr. Arthur Campbell is the current Chief Medical Officer of the North Carolina Department of Adult Correction. Except as admitted, the allegations of Paragraph 17 are denied.

18.     This allegation does not relate to Defendant Downs and therefore does not require a response. To the extent a response is required, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 18 and the same are therefore denied.

19.     It is admitted that Defendant Downs is a Physician Assistant and has, in the past, provided treatment to Plaintiff.  Except as admitted, the allegations of Paragraph 19 are denied.

20.     Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 20 and the same are therefore denied.

21.     Defendant Downs is informed and believes that the allegations contained in Paragraph 21 of the Complaint refer to medical records which speak for themselves.  Further reference is made to the specific anticipated testimony of witnesses involved for a complete description of their involvement, the timing thereof, and an appropriate interpretation of the medical records. To the extent that the allegations contained in Paragraph 21 are consistent with the written documents and said testimony, the same are admitted.  Except as admitted, the allegations of Paragraph 21 are denied.

22.     It is admitted that Defendant Downs discontinued Tramadol after Plaintiff refused a drug test in violation of the pain contract.  It is denied that Defendant Downs took any action on the pretense of violating a pain contract.  Except as admitted and denied, the remaining allegations contained in Paragraph 22 of the Complaint refer to medical records which speak for themselves. Further reference is made to the specific anticipated testimony of witnesses involved for a complete description of their involvement, the timing thereof, and an appropriate interpretation of the medical records. To the extent that the allegations contained in Paragraph 22 are consistent with the written documents and said testimony, the same are admitted.  Except as admitted, the allegations of Paragraph 22 are denied.

23.     Defendant Downs is informed and believes that the allegations contained in Paragraph 23 of the Complaint refer to the provisions of the pain contract which speak for themselves.  Further reference is made to the specific anticipated testimony of witnesses involved for a complete description of their involvement, the timing thereof, and an appropriate interpretation of the medical records. To the extent that the allegations contained in Paragraph 23 are consistent with the written documents and said testimony, the same are admitted.  Except as admitted, the allegations of Paragraph 23 are denied.

24.     Denied.

25.     It is admitted that Tramadol is a narcotic and must be approved by the Utilization Review Board.  Except as admitted, the allegations of Paragraph 25 are denied.

26.     Denied.

27.     Denied.

28.     Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 28 and the same are therefore denied.

29. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 29 and the same are therefore denied.

30. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 30 and the same are therefore denied.

31. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 31 and the same are therefore denied.

32. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 32 and the same are therefore denied.

33. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 33 and the same are therefore denied.

34. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 34 and the same are therefore denied.

35. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 35 and the same are therefore denied.

36. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 36 and the same are therefore denied.

37. Denied.

38. Denied.

39. Denied as to the allegations directly pertaining to Defendant Downs. As to the remaining allegations, Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the remaining allegations contained in Paragraph 39 and the same are therefore denied.

## ADMINISTRATIVE PROCEDURES

40. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 40 and the same are therefore denied.

## RELIEF

41. Denied.

42. Denied.

## CONSTITUTIONS/STATUTORY PROVISIONS

43. Denied.

## LIGITATION HISTORY

44. Defendant Downs lacks sufficient information and belief to admit the truth or falsity of the allegations contained in Paragraph 44 and the same are therefore denied.

**ANY AND ALL ALLEGATIONS CONTAINED IN THE COMPLAINT, INCLUDING THE PRAYER FOR JUDGMENT AND DECLARATION, WHICH ARE NOT EXPRESSLY ADMITTED HEREIN ARE HEREBY EXPRESSLY DENIED.**

## NINTH DEFENSE

Mr. Downs asserts and pleads that he acted in good faith, without malice, and with the reasonable belief that his actions were lawful and consistent with Plaintiff's clearly established rights at all relevant times.

## TENTH DEFENSE

To the extent not already asserted herein, Mr. Downs pleads all other applicable immunities (including all absolute and qualified immunities) to which he is entitled by law as a complete bar to all claims herein including but not limited to qualified immunity, sovereign immunity, governmental immunity, and public official immunity.

## ELEVENTH DEFENSE

Mr. Downs denies that Plaintiff's constitutional rights were violated and denies that Plaintiff was subjected to deliberately indifferent conduct at any relevant time.

## TWELFTH DEFENSE

Plaintiff's alleged, but denied, injuries and damages were not proximately caused by any act or omission of Mr. Downs.

## THIRTEENTH DEFENSE

The care and treatment provided by Mr. Downs to Plaintiff was at all relevant times and in all respects in accordance with all applicable standards of care. Mr. Downs pleads conformity with the applicable standards of care as a defense to all claims asserted against him in this action.

## FOURTEENTH DEFENSE

In the event it is determined that Plaintiff is entitled to an award for non-economic damages in connection with any alleged but denied claims and/or allegations of medical malpractice against Mr. Downs, the amount of non-economic damages for which judgment is entered against him shall not exceed the statutory cap allowed by North Carolina law including N.C. Gen. Stat. § 90-21.19. Mr. Downs specifically pleads this cap and all other limits on recovery and all protections afforded to healthcare providers in North Carolina including the limits and protections set forth in N.C. Senate Bill 33, N.C. Gen. Stat. § 90-21.19, the North Carolina Rules of Civil Procedure, and the North Carolina Rules of Evidence; said protections including but not limited to statutory caps on recovery, bifurcation of the issues of liability and damages pursuant to Rule 42(b)(3), burden of proof requirements regarding liability and damages (including medical expenses), the orderly presentation of witnesses and evidence, and expert witness requirements.

## FIFTEENTH DEFENSE

Mr. Downs pleads Plaintiff's failure to mitigate damages as a bar to all applicable claims, damages, and injuries herein.

## SIXTEENTH DEFENSE

Mr. Downs pleads Plaintiff's medical non-compliance as a bar to all applicable claims, damages, and injuries herein.

## SEVENTEENTH DEFENSE

Mr. Downs pleads the doctrine of intervening, superseding, and insulating conduct of other persons and entities as a defense and bar to all applicable claims in this action, if any.

## EIGHTEENTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of alleged negligent acts committed by Mr. Downs, as state employees, while acting within the course and scope of his employment with the North Carolina Department of Adult Correction.

## NINETEENTH DEFENSE

Mr. Downs herby pleads any and all applicable statutes of limitations and statues of repose as a bar for Plaintiff's cause of action.

## TWENTIETH DEFENSE

Mr. Downs raises all applicable defenses asserted by any co-defendant in response to Plaintiff's Complaint.

## SUPPLEMENTAL DEFENSES

Mr. Downs reserves the right to assert any additional and further defenses as may be revealed and established during discovery.

**WHEREFORE**, having responded to the allegations of Plaintiff's Complaint [DE-1], and having asserted the above-noted affirmative defenses and immunities, Defendant Downs prays the Court as follows:

1. That Plaintiff's Complaint [DE-1] be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendant Downs in this action;

3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;

4. For a trial by jury on all issues of fact; and

5. For such other relief as the Court deems appropriate.

Respectfully submitted this, the 24th day of March, 2026.

**BATTEN MCLAMB SMITH, PLLC**

By:   /s/ Jennifer D. Maldonado
Jennifer D. Maldonado
N.C. State Bar No.: 25708
jmaldonado@battenpllc.com
*Attorneys for Defendant Marc Downs, PA*
4141 Parklake Ave., Suite 350
Raleigh, North Carolina 27612
Telephone: (919) 439-2221
Facsimile: (919) 780-5382

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. No. 5:25-CT-03218-D

| | | |
|---|---|---|
| MICHAEL DORSEY NEEDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| JOSHUA STEIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The undersigned hereby certifies, pursuant to Rule 5 of the Federal Rules of Civil Procedure, that on this date I electronically filed the foregoing Answer and Defenses of Marc Downs with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

James Albert Barnes, IV
jabarnes@ncdoj.gov
*Attorney for Defendant Leslie Dismukes*

The undersigned certifies that a copy of the foregoing Answer and Defenses of Marc Downs was deposited, in a postpaid wrapper, into an official depository under the exclusive care and custody of the United States Postal Service as indicated below to the following non-CM/ECF participant:

Michael Dorsey Needham
0299511
Lumberton Correctional Institution
75 Legend Road
Lumberton, NC 28359
*Pro Se*

Respectfully submitted this, the 24th day of March, 2026.

**BATTEN MCLAMB SMITH, PLLC**

By:   /s/ Jennifer D. Maldonado

Jennifer D. Maldonado
N.C. State Bar No.: 25708
jmaldonado@battenpllc.com
*Attorneys for Defendant Marc Downs, PA*
4141 Parklake Ave., Suite 350
Raleigh, North Carolina 27612
Telephone: (919) 439-2221
Facsimile: (919) 780-5382