IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-CT-003218-D

| | | |
|---|---|---|
| MICHAEL DORSEY NEEDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT DISMUKES'** |
| v. | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES TO PLAINTIFF'S** |
| JOSHUA STEIN, et al., | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Defendant Secretary Leslie Dismukes, in her official capacity, by and through undersigned counsel, answer and responds to Plaintiff's Complaint [D.E. 1] as follows:

## JURISDICTION

1. It is admitted that the jurisdiction is proper. Except as otherwise admitted, denied.[1]

## PARTIES

1. Admitted.

## DEFENDANTS

2. Defendant Stein was dismissed from this action pursuant to the court's Order DE-7. Further, the allegations in paragraph 5 are not directed to this Defendant and no response is required.

3. It is admitted that Defendant Dismukes is the Secretary of the NC

---

[1] Defendant follows the heading and numbering system Plaintiff used in DE-1 throughout her Answer.

Department of Adult Correction and sued in her official capacity. Except as otherwise admitted, denied.

4. Defendant Campbell was dismissed from this action pursuant to the court's Order DE-7. Further, the allegations in paragraph 5 are not directed to this Defendant and no response is required.

5. The allegations in paragraph 5 are not directed to this Defendant and no response is required.

6. Defendant Webb was dismissed from this action pursuant to the court's Order DE-7. Further, the allegations in paragraph 5 are not directed to this Defendant and no response is required.

7. Defendant Lee was dismissed from this action pursuant to the court's Order DE-7. Further, the allegations in paragraph 5 are not directed to this Defendant and no response is required.

8. Defendant Edwards was dismissed from this action pursuant to the court's Order DE-7. Further, the allegations in paragraph 5 are not directed to this Defendant and no response is required.

## **STATEMENT OF FACTS**

1. Denied in that this paragraph calls for a medical opinion, diagnosis and/or conclusion to which no response is required. To the extent a response is required, denied.

2. Paragraph 2 contains statements of an editorial nature and statements of

purported law to which no response is required. To the extent a response is required, denied.

3.      Paragraph 3 contains statements of an editorial nature and statements of medical studies, treatments and/or opinions as well as legal conclusions to which no response is required. To the extent a response is required, denied.

4.      Paragraph 4 contains statements of an editorial nature and statements of medical studies, treatments and/or opinions as well as legal conclusions to which no response is required. To the extent a response is required, denied.

5.      Denied.

6.      Upon information and belief, the Department of Adult Correction started providing medication-assisted treatment to people with opioid use disorder who are incarcerated at the North Carolina Correctional Institution for Women and Orange Correctional Center in 2022 as part of a pilot project. Further, upon information and belief, that the current program works to provide incarcerated people with medications for their opioid use disorder before their release. Except as admitted, the allegations of Paragraph 6 are denied.

7.      Denied.

8.      It is admitted that Defendant is the Governor of North Carolina. Except as otherwise admitted, denied.

9.      Paragraph 9 contains statements of purported law and constitutional

authority to which no response is required. Further, the allegations in this paragraph are not directed to this Defendant and no response is required. To the extent a response is required, denied.

10. Paragraph 10 contains statements of purported law and constitutional authority to which no response is required. Further, the allegations in this paragraph are not directed to this Defendant and no response is required. To the extent a response is required, denied.

11. Defendant lacks information to admit or deny, therefore this paragraph is denied.

12. Defendant lacks information to admit or deny, therefore this paragraph is denied.

13. Defendant lacks information to admit or deny, therefore this paragraph is denied.

14. Admitted.

15. Paragraph 15 contains statements of legal conclusions to which no response is required. To the extent a response is required, denied.

16. Paragraph 16 contains statements of legal conclusions to which no response is required. To the extent a response is required, denied.

17. While it is admitted that Defendant Campbell is the chief of health services for NCDAC, he was dismissed from this lawsuit. Further, the allegations in this paragraph are not directed to this Defendant and no response is required. To the

4

extent a response is required, denied.

18. The allegations in this paragraph are not directed to this Defendant and no response is required. Even if directed at Defendant, this Defendant lacks information to admit or deny, therefore this paragraph is denied

19. The allegations in this paragraph are not directed to this Defendant and no response is required. To the extent a response is required, denied.

20. The allegations in this paragraph are not directed to this Defendant and no response is required. To the extent a response is required, denied.

21. Defendant lacks information to admit or deny, therefore this paragraph is denied.

22. The allegations in this paragraph are not directed to this Defendant and no response is required. To the extent a response is required, denied.

23. Denied in that this paragraph calls for a medicolegal definition of a pain contract.

24. Paragraph 24 contains statements of an editorial nature to which no response is required. To the extent a response is required, denied.

25. Denied in that this paragraph allegedly references a medical note which its contents would speak for itself.

26. The allegations in this paragraph are not directed to this Defendant and no response is required. To the extent a response is required, denied.

27. Paragraph 27 contains statements of an editorial nature and statements of

5

medical opinions to which no response is required. To the extent a response is required, denied.

28.     The allegations in this paragraph are not directed to this Defendant and no response is required. Even if directed at Defendant, this Defendant lacks information to admit or deny, therefore this paragraph is denied.

29.     The allegations in this paragraph are not directed to this Defendant and no response is required. Even if directed at Defendant, this Defendant lacks information to admit or deny, therefore this paragraph is denied.

30.     Defendant lacks information to admit or deny, therefore this paragraph is denied.

31.     Defendant lacks information to admit or deny, therefore this paragraph is denied.

32.     Defendant lacks information to admit or deny, therefore this paragraph is denied.

33.     The allegations in this paragraph are not directed to this Defendant and no response is required.

34.     The allegations in this paragraph are not directed to this Defendant and no response is required. Even if directed at Defendant, this Defendant lacks information to admit or deny, therefore this paragraph is denied.

35.     Defendant lacks information to admit or deny, therefore this paragraph is denied.

36.     Defendant lacks information to admit or deny, therefore this paragraph is denied.

37.     Paragraph 37 contains statements of an editorial nature legal conclusions to which no response is required. To the extent a response is required, denied.

38.     Paragraph 38 contains statements of an editorial nature and legal conclusions to which no response is required. To the extent a response is required, denied.

39.     Paragraph 39 contains statements of an editorial nature and legal conclusions to which no response is required. To the extent a response is required, denied.

## ADMINSTRATIVE PROCEDURES

40.     To the extent a response is required, it is admitted that Plaintiff indicates that he submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration of his incarceration.  Except as admitted herein, the allegations in, Administrative Remedies, are denied.

## RELIEF

41.     Defendant admits that Plaintiff seeks declaratory and injunctive relief in this action.  However, Defendant specifically denies that Plaintiff is entitled to recover any such relief sought

42.     Defendant admits that Plaintiff seeks compensatory, declaratory, and punitive damages in this action.  However, Defendant specifically denies that Plaintiff is entitled to recover any such relief sought.

7

**CONSTITUTIONAL/STATUTORY PROVISIONS**

43.  Denied.

**LITIGATION HISTORY**

44.  Defendant does not have sufficient information to determine the truth or falsity of the allegations in this section.  To the extent a response is required, the allegations here in are denied.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted against Defendant, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant pleads this failure in bar of Plaintiff's claims against her.

**SECOND DEFENSE**

To the extent Plaintiff seeks to recover money damages from Defendant in her official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages.  The State of North Carolina has not consented to suit or otherwise waived such immunity.

**THIRD DEFENSE**

No act or failure to act by Defendant was the proximate cause of the injuries or damages, if any, complained of by Plaintiff.

**FOURTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive

8

damages against Defendant, and Defendant pleads such failure in bar of any claim against her for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendant required to support a claim for punitive damages.

### FIFTH DEFENSE

Defendant affirmatively asserts that she engaged in good faith efforts to comply with the law. To the extent that a reasonable accommodation could not be made, Defendant specifically pleads the affirmative defense of undue hardship.

### SIXTH DEFENSE

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his damages, and Defendant pleads such failure as a bar to, or requiring a reduction of, Plaintiff's alleged damages.

### SEVENTH DEFENSE

Answering Defendant reserve the right to amend this Answer to include further defenses.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, and having asserted the above-noted defenses and immunities, Defendant prays the Court as follows:

9

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendant in this action;

3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;

4. For a trial by jury of all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 24th day of March, 2026.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ James A. Barnes IV
James A. Barnes IV
Special Deputy Attorney General
N.C. State Bar No. 33356
N.C. Department of Justice
P.O. Box 629
Raleigh NC  27602-0629
Telephone:   (919) 716-6786
Facsimile:   (919) 716-6761
E-mail:  jabarnes@ncdoj.gov

10

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court utilizing the CM/ECF system, that I will cause the foregoing document to be served on all non-CM/ECF participants by depositing a copy in the U.S. Mail, postage prepaid, addressed as follows:

> Michael Dorsey Needham
> 0299511
> Lumberton Correctional Institution
> 75 Legend Road
> Lumberton, NC 28359
> *Pro Se Plaintiff*
>
> Jennifer D. Maldonado
> Batten McLamb Smith, PLLC
> jmaldonado@battenpllc.com
> *Attorney for Defendant Marc Downs*

This the 24th day of March, 2026.

/s/ James A Barnes IV
James A. Barnes IV
Special Deputy Attorney General

11